MICHAEL LITTMAN
CA State Bar #120625
105 West "F" Street, 4th Flr.
San Diego, CA 92101
(619) 236-1030

Attorney for Defendant
JOSE FRANCISCO GARCIA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Jeffrey T. Miller)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 07-CR-2880-JM |
| Plaintiff, ) | |
| v. ) | |
| JOSE FRANCISCO GARCIA, ) | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |
| Defendant. ) | |

**I.**

**Statement of Facts**

On October 3, 2007 the defendant, JOSE FRANCISCO GARCIA, was arrested at the Tecate Port of Entry while driving a vehicle that contained approximately 12.05 kilograms of methamphetamine. After being advised of his *Miranda* rights, Mr. Garcia invoked his right to remain silent.

On October 10, 2007 a detention hearing was held and Mr. Garcia was order detained without bail at the conclusion of that hearing.

On October 12, 2007 a two count indictment was filed charging Mr. Garcia with importation of methamphetamine and possession of methamphetamine with intent to distribute.

To date, the defense has not received any discovery from the government. However, government counsel has contacted the undersigned and has informed him that discovery will be forthcoming.

**II.**

**Motion to Compel Discovery/Preserve Evidence**

This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related

investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989), and discovery of which the government attorney may become aware through the exercise of due diligence:

(1) The Defendant's Statements. It is the undersigned's belief that Mr. Garcia invoked his right to remain silent after being advised of his *Miranda* rights. However, if the government has obtained any statements from Mr. Garcia , the defense requests disclosure of all copies of any such written or recorded statement made by him; any written record containing the substance of any oral statements made by him and any written summaries of his oral statements contained in the handwritten or rough notes of any government agent; any response to any *Miranda* warnings which may have been given by him; any response by him to any interrogation; as well as any other statements attributed to him, either solicited or unsolicited by direct questioning. Fed. R. Crim. P. 16(a)(1)(A).

(2) Arrest Reports, Notes and Dispatch Tapes. Mr. Garcia also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); Brady v. Maryland, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(I).

(3) Criminal Record. Evidence of criminal record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of other "similar" acts is discoverable under Fed. R. Crim. P. 16(a)(1)(B) and Fed. R. Evid. 404(b) and 609; Mr. Garcia requests all his rap sheets and any other evidence discoverable under these rules. Mr. Garcia requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any arrests and convictions or bad acts he has suffered or known of by the government. He makes an identical request for all pertinent records of any and all uncharged co-defendants, if any, and former co-defendants and government witnesses including informants.

(4) Evidence Seized. Mr. Garcia requests production of evidence seized as a result of any search, either with or without a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(5) <u>Tangible Objects</u>.  Mr. Garcia requests the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, alleged narcotics or narcotics related items, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(C).

(6) <u>Request for Preservation of Evidence</u>.  Mr. Garcia specifically requests the preservation of all dispatch recordings, inter-officer radio communication recordings, agents' rough notes, any documents, and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.  This request includes, but is not limited to seized weapons, alleged contraband (*see* § II(5), *supra*) and vehicles, the results of any fingerprint analysis, Mr. Garcia's personal effects, and any evidence seized from the defendant or any other party.

(7) <u>Reports Of Examinations And Tests</u>.  Mr. Garcia requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the preparation of the defense or intended for use in the government's case-in-chief.  Fed. R. Crim. P. 16(a)(1)(D).

(8) <u>Expert Witnesses</u>.  Mr. Garcia requests the name, qualifications, and a written summary of the opinion/testimony and bases thereon of any person that the government intends to call as an expert witness.  Fed. R. Crim. P. 16(a)(1)(E).

(9) <u>Brady Material</u>.  Mr. Garcia requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines.  Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(10) <u>Giglio Information</u>.  Mr. Garcia requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.  <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

(11) <u>Informants and Cooperating Witnesses</u>.  Mr. Garcia requests disclosure of the name(s), address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged.  <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957).  The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.  <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  The government must disclose any information indicating bias on the part of any informant or cooperating witness.  <u>Id.</u>  Mr. Garcia also requests that the government disgorge any information in its possession regarding other parties culpable in this matter as these individuals are highly relevant and material to Mr. Garcia's defense.

(12) <u>Jencks Act Material</u>.  Mr. Garcia requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500.  Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1).  <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(13) <u>Any Potential 404(b)/609 Evidence</u>.  Mr. Garcia requests prior notice of any other crimes or bad acts that the government intends to introduce, whether in its case in chief, for impeachment or rebuttal.  Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b).  Mr. Garcia requests such notice at least one month before trial in order to give the defense time to investigate and prepare for trial.

(14) <u>Any Information That May Result In A Lower Sentence Under The Guidelines</u>  As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83(1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

(15) <u>Evidence of Bias or Motive to Lie</u>  Mr. Garcia requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988);

(16) <u>Impeachment evidence</u>  Mr. Garcia requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under <u>Brady v. Maryland</u>, supra.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197(9th Cir. 1988)(witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility);

(17) <u>Evidence of Criminal Investigation of Any Government Witness</u>  Mr. Garcia requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.) <u>cert. denied</u>, 474 U.S. 945 (1985);

(18) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>  Mr. Garcia requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980);

(19) <u>Witness Addresses</u>  Mr. Garcia requests the name and last known address of each prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective assistance); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.  <u>United States v. Cadet</u>, 727 F.2d, 1453 (9th Cir. 1984);

(20) <u>Name of Witnesses Favorable to the Defendant</u>  Mr. Garcia requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or

1  who was unsure of her identity, or participation in the crime charged.  <u>Jackson v. Wainwright</u>, 390 F.2d
2  288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d
3  1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir.
4  1979), <u>cert. denied</u>, 444 U.S. 1086 (1980);

5      (21) <u>Statements Relevant to the Defense</u>  Mr. Garcia requests disclosure of any statement that may
6  be "relevant to any possible defense or contention" that he might assert.  <u>United States v. Bailleaux</u>, 685
7  F.2d 1105 (9th Cir. 1982);

8      (22) <u>Personnel Records of Government Officers Involved in the Arrest</u>  Mr. Garcia requests all
9  citizen complaints and other related internal affairs documents involving any of the agents or other law
10 enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to
11 <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of such <u>Henthorn</u>
12 documents, defense counsel will not be able to procure them from any other source;

13     (23) <u>Prosecutor's Duty to Inspect Agent's Files</u>  Mr. Garcia requests that the court order the
14 prosecutor to <u>personally</u> review the personnel files of the agents involved.

15     (24) <u>Release of Evidence for Defense Testing</u>.  Mr. Garcia requests that the government release to
16 his designated expert all items seized so that the defense may conduct independent testing of the items.

17     (25)  <u>Subpoena, Intercept and Warrant Information and Evidence</u>.  Mr. Garcia requests a copy of
18 all electronic interception orders, search warrants and subpoenas (whether state or federal, whether written
19 or telephonic, and including recordings or transcripts of telephonic applications), and related applications
20 for electronic interception, subpoenas and warrants, their affidavits, attachments, and inventories related
21 to this case.   He also requests copies of all documents provided to or seized by the government pursuant
22 to such court-authorized orders.  He requests copies of all recordings made by the government made
23 pursuant to warrant or order as well as line-sheets and any other documentation of such recordings.

24     (26) <u>Residual Discovery/All Other Relevant Materials</u> Mr. Garcia intends for this motion to cover
25 the full extent of discoverable material.  He therefore requests that the government be required to disgorge
26 all other discoverable material which he otherwise has failed to request.
27 \\\
28 \\\

### III.

### Mr. Garcia Seeks Leave to File Further Motions

As stated above, the defense has not yet received any discovery in this matter. It is anticipated that forthcoming discovery will include evidence derived from witness statements, defendant's statements, searches, agents' reports, etc. Absent this evidence the defense is unable to adequately adddress what substantive motions may need to be filed. Therefore, Mr. Garcia would seek an opportunity to file additional motions based on information to be provide to the defense.

He therefore requests additional time to file supplemental substantive motions at a future hearing.

### IV.

### Conclusion

For the reasons stated above, the defendant, Mr. Garcia, respectfully requests that this Court grant the above-requested motions.

Respectfully submitted,

DATES: November 2, 2007         s/Michael Littman
                                Attorney for JOSE FRANCISCO GARCIA

**PROOF OF SERVICE**

I declare that:

I am a citizen of the United States and employed in the city of San Diego, CA. I am over eighteen years of age. My business address is 105 West F Street, Fourth Floor San Diego, CA 92101.

On November 2, 2007, I personally served the following documents:

**Notice of Motion and Motion for Discovery and For Leave to File Further Motions, and Memorandum of Points and Authorities in Support of The Motions**

on the below attorneys by electronic filing:

Assistant United States Attorney David Katz

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on November 2, 2007 at San Diego, CA.

s/ Michael Littman